Filed 7/14/16  P. v. Simmons CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSHUA LEE SIMMONS,<br><br>  Defendant and Appellant. | C079223<br><br>(Super. Ct. No. 12F07148 ) |

Defendant Joshua Lee Simmons pleaded guilty to possession of a sharp instrument in a penal institution and admitted a prior strike conviction.  The trial court sentenced defendant to serve two years in state prison but found his preimprisonment credit equaled or exceeded his sentence and deemed his sentence served.  The court nevertheless remanded defendant to the Department of Corrections and Rehabilitation (CDCR), over defendant's objection, to be processed on parole.  It was the trial court's

1

"understanding" CDCR "ha[d] a parole hold on [defendant] until they process [him] out . . . ."

On appeal, defendant contends the trial court erred in sending him back to the CDCR. He asks us to reverse his sentence and remand the matter with direction to the trial court to "correctly apply a time served sentence, recalculate his custody credits to account for additional time at CDCR, and apply his credits as appropriate." The People agree the matter should be remanded.

We conclude whether the trial court erred depends on whether the CDCR had defendant on a parole hold at the time of sentencing. Because it is unclear from the record whether defendant was on a parole hold issued by the CDCR at the time of sentencing, we remand the matter to the trial court to find either (1) defendant was subject to a parole hold issued by the CDCR at the time of sentencing and properly remanded to the CDCR for processing on parole or (2) defendant was not subject to a CDCR parole hold at the time of sentencing and should have been released to report to the parole office closest to his last legal residence. If there was no parole hold at the time of sentencing, then the trial court is directed to recalculate defendant's custody credits to account for any additional time at the CDCR. We also order corrections to the abstract of judgment.

DISCUSSION

I

***The Matter Should be Remanded to Determine Whether Resentencing Is Required***

In support of his claim on appeal, defendant relies on Penal Code former section 1170, subdivision (a)(3),[1] which provides in relevant part: "In any case in which the

---

[1] Undesignated statutory references are to the Penal Code.

amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the secretary.  The court shall advise the defendant that he or she shall serve a period of parole and order the defendant to report to the parole office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole."

The People agree defendant is subject to the determinate sentencing law provision of section 1170, relied on by defendant.  The People also agree that, pursuant to section 1170, subdivision (a)(3), defendant should have been released by the trial court and ordered to report to the parole office closest to his last legal residence, *if* defendant were not on a parole hold issued by the CDCR.

The People nevertheless argue that at the time of sentencing, defendant may have been subject to a parole hold issued by the CDCR.  If that were true, they argue, the CDCR had the authority to impose additional or other appropriate conditions of supervision upon defendant based on his current conviction for possession of a sharp instrument in prison.  (§ 3000.08, subd. (d).)  Under such circumstances, the trial court would be correct in sending defendant to the CDCR to be processed back into parole.

Thus, the People contend, whether the trial court erred depends upon whether the CDCR had defendant on a parole hold at the time of sentencing and the matter should be remanded to allow the trial court to determine whether resentencing is appropriate.  We agree with the People.  Accordingly, we remand the matter and direct the trial court to find either that defendant was subject to a parole hold issued by the CDCR at the time of sentencing and properly sentenced, or if defendant was not subject to a parole hold issued

3

by the CDCR, recalculate defendant's custody credits to account for any additional time at the CDCR and apply those credits to defendant's sentence, including his period of parole.

## II

### *Clerical Errors in the Abstract of Judgment*

The People also note two clerical errors in the abstract of judgment. First, the "year crime committed" on the abstract indicates defendant's crime was committed in 2014. In fact, defendant's offense for possession of a weapon by a prisoner occurred on October 26, 2011. Second, the "date of conviction" on the abstract of judgment should be corrected to reflect the date on which defendant entered into his plea agreement and was sentenced: March 27, 2015.

Because these are simply clerical errors, we correct them on appeal and direct the trial court to prepare a corrected abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].)

## DISPOSITION

The sentence is reversed and the matter remanded for further proceedings to determine whether defendant was on a parole hold issued by the Department of Corrections and Rehabilitation at the time of sentencing and whether resentencing is required consistent with this opinion. The trial court is further directed to correct the abstract of judgment consistent with this opinion and forward a certified copy of

4

the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____/s/_____
HOCH, J.

We concur:


_____/s/_____
MAURO, Acting P. J.


_____/s/_____
MURRAY, J.